**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William Carroll FROELICH,**
**Defendant–Appellant.**

No. 00–10222.

D.C. No. CR–98–00213–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001.

Decided May 18, 2001.

Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding.

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM *

William Froelich appeals his conviction after a jury trial and sentence for violations of the Hobbs Act (18 U.S.C. § 1951), for being in possession of a firearm in connection with committing a felony (18 U.S.C. § 924(c)), and for being a felon in possession of a firearm (18 U.S.C. § 922(g)). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the judgment of conviction, but remand for re-sentencing. Because the parties are well familiar with the factual and procedural history of this case, we will not recount it here.

I

The government established a sufficient nexus to interstate commerce to establish federal jurisdiction in this case. 18 U.S.C. § 1951(a). To establish federal jurisdiction under the Hobbs Act, the government need only show a *de minimis* effect on interstate commerce. *United States v. Atcheson*, 94 F.3d 1237, 1243 (9th Cir.1996). "[P]roof of a probable or potential impact" suffices. *Id.* (quotation marks and citation omitted). In this case, Elyte ATM Services, Inc.—the company which was subject of the heist—was an out-of-state corporation, engaged in multistate operations. The armored vehicle that Froelich robbed was acquired by the cor-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

poration in Arizona and driven to Nevada. The currency being transported by the armored vehicle was for use in automated teller machines, which function as gateways to shared interstate financial networks. *See Valley Bank of Nevada v. Plus Sys., Inc.*, 914 F.2d 1186, 1188 (9th Cir.1990). In sum, through the introduction of this and other evidence, the government sufficiently proved the requisite connection to interstate commerce pursuant to 18 U.S.C. § 1951(a).

## II

■ The district court did not abuse its discretion in refusing to admit unstipulated polygraph evidence or to hold a hearing pursuant to *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). A *Daubert* hearing is not required in every case in which unstipulated polygraph evidence is tendered. *United States v. Benavidez–Benavidez*, 217 F.3d 720, 724 (9th Cir.2000). Rather, "district courts are free to reject the admission of polygraph evidence on the basis of any applicable rule of evidence...." *Id.* In this case, it was unfortunate that the district court did not articulate its reasoning as to its rejection of the proffered evidence, making it difficult for us to analyze the district court's rationale on appellate review. However, under *Daubert*, the tendering party must make a prima facie case as to admissibility under Federal Rule of Evidence 702. *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 n. 10 (9th Cir.1995). A review of the record shows that Froelich did not make a particularized showing as to reliability of the methodology and testing in this case; rather, Froelich's tender only referenced the general subject of reliability of polygraph theory untethered to the methods used in this case. Thus, because the record does not disclose that Froelich made the requisite prima facie showing for admissibility, we find no abuse of discretion in the district court's denial of the motion.

## III

■ Both parties agree that the district court erred by imposing an upward departure pursuant to U.S.S.G. § 2K2.4 that committed Froelich to a prison term in excess of the maximum allowed for a conviction pursuant to 18 U.S.C. § 1951. Thus, we must vacate the sentence imposed and remand for re-sentencing. *United States v. Oliver*, 60 F.3d 547, 556 (9th Cir.1995).

AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RESENTENCING